UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO.: 1:07-CV-108

ROGER RENICK                                                                                      PLAINTIFF

v.

ROBERT SMITH;
JOE A. LANE, INDIVIDUALLY AND
d/b/a TONY LANE LIMESPREADING; and
STATE AUTO PROPERTY AND
CASUALTY INSURANCE COMPANY                                                     DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Roger Renick ("Renick")filed a Motion to Remand this matter to state court. (Docket # 8). Defendants Robert Smith ("Smith") and Joe A. Lane ("Lane") jointly filed a Response. (Docket # 14). State Auto Property and Casualty Insurance Company ("State Auto") filed a Response. (Docket # 13). State Auto also filed a Motion for Extension of Time to File an Express Written Consent to Removal of this case (Docket # 12), and Renick responded. (Docket 15). Renick filed a Reply to the Defendants' Responses to the Motion to Remand. (Docket # 16). The matter is now ripe for adjudication. The Court now GRANTS Renick's Motion to Remand and DENIES State Auto's Motion for Extension of Time to File an Express Written Consent to Removal.

Renick also filed a Motion to Stay this matter pending the resolution of the Motion to Remand. (Docket # 10). Because the Motion to Remand is now granted, Renick's Motion to Stay is MOOT.

**BACKGROUND**

Renick's claims in this matter arise from his injuries in a car accident. Renick seeks damages from Smith, the driver of the vehicle, and Lane, his employer. Renick also seeks underinsured motorist benefits from State Auto arising from his collision with Smith. Plaintiff originally filed this action Warren Circuit Court in Kentucky. All three Defendants were named in the original Kentucky state court Complaint. Defendants Smith and Lane jointly removed the matter to this Court based on diversity jurisdiction under Title 28, United States Code Section 1446. All three Defendants filed their Answers with this Court. State Auto did not expressly consent to removal or this Court's jurisdiction over the matter in its Answer or any other document filed in this Court within thirty days of the removal. Renick then filed a Motion to Remand.

**STANDARD**

When removing an action to federal court, the consent of all Defendants is required. 28 U.S.C. § 1446; *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 516 (6th Cir. 2003) (discussing the "rule of unanimity" in a case where a defendant expressly opposed removal). *See also Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999). The failure to obtain the unanimous consent of all defendants is a fundamental defect and forecloses the opportunity for removal. *Id*. at 516-17. While a defendant may file an Express Written Consent to Removal, such a specific filing is not necessary. It is sufficient for a defendant to affirmatively express its consent in another pleading, such as the Answer, within thirty days of the removal. *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 202 (6th Cir. 2004) (holding that the "rule of

unanimity" was satisfied where one of four defendants did not file an Express Written Consent to Removal, but did acknowledge federal jurisdiction explicitly in an Answer). However, "some affirmative act of consent from all defendants is required." *Richie v. Sermersheim*, Docket No. 4:06-CV-77-M, 2006 U.S. Dist. LEXIS 58439 (W.D. Ky. Aug. 17, 2006). "[A] nonremoving defendant's filing of motions or pleadings in federal court, without explicitly indicating consent to or jurisdiction in the removal is insufficient to satisfy the requirements of § 1446." *Hicks v. Emery Worldwide, Inc.*, 254 F.Supp.2d 968, 975 (S.D. Ohio 2003).

Removal statutes must be narrowly construed, and federal courts must protect the jurisdiction of the state court when a case is not properly removed. It is the policy of the federal courts to resolve all doubts against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). The time limits set out in § 1446 are mandatory and must be strictly applied. *Shadley v. Miller*, 733 F.Supp. 54, 55 (E.D. Mich. 1990).

## ANALYSIS

It is clear that, while State Auto did not object to removal in its Answer, it did not timely file any document expressly consenting to removal. Because passive consent is not sufficient under the Sixth Circuit's "rule of unanimity," State Auto did not timely consent as required by § 1446. State Auto seeks to remedy this deficiency by filing a Motion for Extension of Time to File an Express Written Consent to Removal. Since the Court must strictly construe and enforce deadlines set out in removal statutes and must resolve all doubts against removal and in favor of remand, the Court declines to grant this extension of time. Therefore, State Auto's express

consent remains untimely, and the "rule of unanimity" is unsatisfied.

## CONCLUSION

For the above reasons, Renick's Motion to Remand is GRANTED, State Auto's Motion for Extension of Time is DENIED, and Renick's Motion to Stay is declared MOOT. An appropriate Order shall issue.